IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY GARZA, | CASE NO. 1:05-cv-01314 AWI TAG |
| Plaintiff, | ORDER SETTING HEARING ON ON ORDER TO SHOW CAUSE |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

In response to this Court's Order Denying Proposed Order to Extend Time to File Confidential Brief and Order to Show Cause Why Action Should not be Dismissed for Failure to Prosecute (Doc. 17), counsel for plaintiff submitted a "Motion to Vacate Dismissal" that again failed to specify good cause whatsoever for the requested departure from the Court's scheduling order. (Doc. 18).

Rather, counsel for plaintiff simply states that open and repeated extensions contrary to the terms of this Court's written scheduling orders have been the "procedure over the past three years with regard to the Confidential Briefs" and that to actually apply the terms of this Court's written scheduling orders would be inequitable. (Doc. 18).

Moreover, counsel persists in failing to set forth a good cause basis for her requested extension (other than a reference to past practices, which is not a good cause basis at all) notwithstanding her prior receipt of this Court's Order Setting Hearing on Order to Show Cause in Pyne v. Barnhart, 1:05-cv-01520-FVS TAG. That Order explicitly instructed counsel that a reference to past practices was *not* a statement of good cause upon which this Court should modify

1

its scheduling order.

As noted in this Court's prior order to counsel in <u>Pyne v. Barnhart</u>, 1:05-cv-01520-FVS TAG, Plaintiff's reference to past, informal practices is not well-taken. As stated with respect to appellate scheduling orders in <u>United States v. Raimondi</u>, 760 F.2d 460, 462 (2nd Cir. 1985) (emphasis added):

> [T]his Court's scheduling orders are exceedingly clear, and **counsel's reliance on what is "usually" permitted was unreasonable**. An attorney - whether for a private party or the government - owes his client the utmost degree of diligence and industry."

<u>See</u> <u>Johnson v. Mammouth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'")(*quoting* <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985))

Accordingly, and given that plaintiff still has not set forth her good cause grounds for requesting a change to the terms of the Court's scheduling order, IT IS HEREBY ORDERED that a hearing on the previously noticed Order to Show Cause is set for **Monday, August 14, 2006, at 9:00 a.m., in the United States Courtroom, 1300 18th Street, Bakersfield, California 93301. Plaintiff's attorney, Gina M. Fazio, is required to appear in person at the Order to Show Cause hearing on August 14, 2006 at 9:00 a.m.**

IT IS FURTHER ORDERED that the Order to Show Cause hearing shall be vacated, and the Order to Show Cause discharged, in the event plaintiff shall file with the Court no later than **Friday, August 11, 2006,** a proof of service showing that her confidential brief was served upon defendant. The Court notes that such a discharge of the Order to Show Cause would nevertheless still effectively grant plaintiff more than four weeks' extension of time to file her confidential brief, in addition to the one month extension previously sought by her.

IT IS SO ORDERED.

Dated:   **August 8, 2006**                              /s/ Theresa A. Goldner
**j6eb3d**                                              UNITED STATES MAGISTRATE JUDGE

2