1 Gina Fazio, Esq. #225178
Law Offices of Jeffrey Milam
2 P.O. Box 26360
Fresno, California 93729
3 (559) 264-2800

4 Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

AT FRESNO

| | |
|---|---|
| LUCY GARZA ) | 1:05-CV-1314 AWI TAG |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER TO DISMISS |
| ) | |
| vs. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

IT IS HEREBY STIPULATED by and between the parties as follows: that the Civil Action filed on October 12, 2005, on behalf of Plaintiff be dismissed. After thorough review of the transcript, Plaintiff's counsel comes to the conclusion this claim lacks merit to continue. Plaintiff's counsel has conferred with Plaintiff and both are in agreement to dismissal.

Dated: October 23, 2006        /s/ Gina Fazio

                               GINA FAZIO, ESQ.
                               Attorney for Plaintiff

Dated: October 23, 2006

                               MCGREGOR SCOTT
                               United States Attorney

                               By: /s/ Kristi C. Kapetan
                               (as authorized via facsimile)
                               KRISTI C. KAPETAN
                               Assistant U.S. Attorney

**ORDER**

The parties seek dismissal of this action pursuant. Rule 41(a) of the Federal Rules of Civil Procedure, in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. Because Plaintiff has filed a stipulation for dismissal under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal.

IT IS SO ORDERED.

**Dated:   January 3, 2007**            **/s/ Anthony W. Ishii**
0m8i78                                   UNITED STATES DISTRICT JUDGE